IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IVORY MILLS,

    Petitioner,

v.                               Civil action no. 1:04CV143
                                  Criminal action no. 1:02CR35
                                  (Judge Keeley)

UNITED STATES OF AMERICA,

    Respondent.

### ORDER AFFIRMING THE MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION AND DISMISSING CASE

On June 29, 2004, then *pro se* petitioner, Ivory Mills ("Mills"), filed a petition pursuant to 28 U.S.C. § 2255 ("§ 2255") seeking to vacate, set aside, or correct her sentence on grounds that she was denied the effective assistance of counsel in contravention of her Sixth Amendment rights. (Doc. No. 89.) On February 24, 2005, United States Magistrate Judge John S. Kaull issued a Report and Recommendation ("R&R") recommending that Mills's petition be denied and dismissed with prejudice. (Doc. No. 109.) Mills subsequently objected to that recommendation on March 8, 2005. (Doc. No. 110.) For the reasons that follow, the Court **AFFIRMS** the Magistrate Judge's recommendation and **DENIES** and **DISMISSES WITH PREJUDICE** Mills's 28 U.S.C. § 2255 petition.

### I. Background

On July 3, 2002, a Grand Jury sitting in the Northern District of West Virginia returned an eight-count indictment against Mills

**Ivory Mills v. United States**　　　　　　　　　　　　　　　　1:04CV143
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　1:02CR35

## ORDER AFFIRMING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING CASE

and two co-defendants on various drug related charges. Given her criminal history, the charges pending against Mills exposed her to potential life imprisonment. On October 17, 2002, attorney Thomas Dyer ("Dyer") was appointed to represent Mills, and the case was scheduled for trial. Prior to the December 17, 2002 trial date, both of Mills's co-defendants pled guilty to counts in the indictment.

On the morning of December 17, 2002, the undersigned trial judge empaneled a jury to try Mills's case. Prior to opening statements, however, Mills informed the Court that, after discussion with Dyer, Assistant United States Attorney Stephen Warner, and investigating detective Matt Metheny, she intended to plead guilty to count two of the indictment pursuant to an oral plea agreement arrived at with the government. The Court then conducted a Rule 11 hearing at which it accepted Mills's plea, finding her plea to be knowing and voluntary. Subsequently, on June 24, 2003, Mills was sentenced to 240 months incarceration and three (3) years supervised release pursuant to her conviction for knowingly and intentionally maintaining a place for the purpose of distributing cocaine base in violation of federal drug law. No direct appeal followed.

**Ivory Mills v. United States**                                    1:04CV143
                                                                    1:02CR35

## ORDER AFFIRMING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING CASE

Approximately one (1) year later, on June 29, 2004, Mills filed her § 2255 petition seeking to vacate her sentence. On July 16, 2004, Mills's petition was referred to United States Magistrate Judge John S. Kaull who subsequently ordered the Office of the Federal Public Defender for the Northern District of West Virginia to represent Mills. Accordingly, on February 22, 2005, United States Federal Public Defender Brian J. Kornbrath represented Mills at an evidentiary hearing presided over by Magistrate Judge Kaull. Also present was Assistant United States Attorney Stephen Warner representing the government. Both Mills and her former attorney, Dyer, provided sworn testimony at that hearing.

## II. The Magistrate Judge's Report and Recommendations

In his R&R, Magistrate Judge Kaull summarized Mills's grounds for relief pursuant to her § 2255 petition as follows:

(1) Her attorney did not file an appeal as she had requested; and

(2) Her counsel coerced her to enter a plea.

Before analyzing Mills's claims, the Magistrate Judge made recommended findings of fact that drew heavily from the sworn testimony of both Mills and Dyer adduced at the February 22, 2005

**ORDER AFFIRMING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING CASE**

evidentiary hearing. He then outlined the conjunctive, two-prong analysis for the judicial review of ineffective assistance of counsel claims from Strickland v. Washington, 466 U.S. 668, 687 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

a. **Petition Ground One:**

In analyzing Mills's first ground for relief, Magistrate Judge Kaull looked to the Fourth Circuit's decision in United States v. Peak, which held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of [her] Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." 992 F.2d 39, 42 (4th Cir. 1993). He concluded that the holding in Peak controlled the analysis of Mills's ineffective assistance of counsel claim for failure to appeal as opposed to the Strickland standard because

**Ivory Mills v. United States**                                          1:04CV143
                                                                          1:02CR35

**ORDER AFFIRMING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING CASE**

"Strickland is concerned with attorney performance in the course of representation . . . . not . . . to deprivations altogether . . . ." Id. Finally, Magistrate Judge Kaull noted that, to successfully collaterally attack a sentence, a petitioner must prove his or her grounds for relief by a preponderance of the evidence. Given the applicable standard, Magistrate Judge Kaull then examined the record in this case and found it to be factually distinguishable from the case in Peak.

In Peak, the petitioner, Homer Peak, pled guilty to a crack cocaine distribution charge and was subsequently sentenced as a career offender to 168 months incarceration, a sentence within the applicable statutory maximum. Id. at 40. Upon review, the Fourth Circuit found that the record reflected Peak's appointed attorney's surprise at the severity of the sentence; however, no appeal of Peak's sentence was taken. Id. After allegedly asking his attorney to file an appeal with no result, Peak attempted to file a *pro se* appeal out of time but was denied. Id.

In his subsequent § 2255 petition, Peak asserted that his trial counsel's assistance was ineffective because he failed to file a direct appeal when requested. Id. at 41. Throughout the proceedings relative to Peak's § 2255 petition, his trial counsel

could not be located, leaving the government unable to refute Peak's assertions. After the district court denied Peak's petition, the Fourth Circuit reversed finding Peak's unrefuted testimony to preponderate in favor of relief on his ineffective assistance of counsel claim. Id. at 42. Thus, the Fourth Circuit remanded the case "with instructions to vacate Peak's judgment of conviction and enter a new judgment from which an appeal can be taken." Id.

Unlike the facts in Peak, the Magistrate Judge in this case found ample evidence refuting Mills's assertion that Dyer failed to file a direct appeal of her sentence upon her request. First, Dyer testified under oath that Mills made no such request following her June 24, 2003, sentencing hearing. Next, Dyer further testified that, at Mills's sentencing, he explained to Mills his belief that there was no meritorious basis for appeal from her sentence and that he did not intend to file one. Moreover, while Mills testified under oath to the contrary, the Magistrate Judge found that testimony to be incredible since she had admittedly lied to the Court before in an attempt to gain an advantage at sentencing. Finally, Mills failed to present any corroborative evidence, such as telephone records from prison or copies of letters, indicating

she attempted to contact Dyer's office and request he file an appeal on her behalf. Given the circumstances, Magistrate Judge Kaull found this case to be factually distinguishable from Peak, and found that Mills failed to establish by a preponderance of the evidence that Dyer refused any request by her to file an appeal on her behalf. Accordingly, he recommends ground one of Mills's § 2255 petition be denied and dismissed with prejudice.

**b. Petition Ground Two**

Magistrate Judge Kaull also recommended that ground two of Mills's § 2255 petition be denied and dismissed with prejudice. There Mills asserts that Dyer coerced her into entering a guilty plea because he had developed no trial strategy and was unprepared for trial. In making his recommendation, the Magistrate Judge again looked to testimony adduced at the February 22, 2005, evidentiary hearing and again found Mills's testimony to be incredible.

At the Rule 11 hearing, Mills testified that she had not been coerced and that her plea was voluntary. She further testified that she operated a crack house. By contrast, in her § 2255 petition, Mills contends that her plea was coerced and she was not guilty of the crimes with which she was charged. Given the

disparate testimony, the Magistrate Judge concluded that Mills either had lied to the District Judge during her plea hearing or had lied to him during the evidentiary hearing in support of her motion.

Further, Magistrate Judge Kaull found Mills's claim that Dyer had no trial strategy to be baseless. Dyer testified at the evidentiary hearing that although Mills's desired alibi witnesses proved unavailable or uncooperative, he was prepared to go to trial and attack the credibility of the government's witnesses against Mills (including Mills's former co-defendants). Moreover, Dyer already knew Mills story,[1] and had gotten one of the counts brought against her in the pending indictment dropped. Thus, the Magistrate Judge found Dyer to be unusually familiar with both his client and her plight. Accordingly, the Magistrate Judge found nothing in the record to indicate that Dyer's representation fell below the objective standard of reasonableness required by <u>Strickland</u>, or that Mills's guilty plea was coerced.

---

[1] Dyer previously defended Mills against separate drug charges for which she was acquitted after a jury trial.

**Ivory Mills v. United States**                                1:04CV143
                                                                1:02CR35

## ORDER AFFIRMING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING CASE

### III. Mills's Objections

On March 7, 2005, Mills objected to the Magistrate Judge's recommendation that ground one of her § 2255 petition be dismissed with prejudice. She contends that given the circumstances of this case, she should be resentenced, thus giving her the opportunity to file a notice of appeal within ten days of that resentencing. In support, Mills argues that Magistrate Judge Kaull's finding that her testimony lacked credibility was erroneous, and that her sworn testimony establishes that she requested an appeal be filed on her behalf. Further, while Dyer testified to the contrary, he likewise provides no corroborative evidence in support of his position.

Mills, however, did not object to the Magistrate Judge's recommended finding that Mills failed to establish that her guilty plea to the offense of conviction was coerced.

### IV. Analysis

"An ineffective assistance of counsel claim presents a mixed question of law and fact. The ineffective assistance claim is reviewed *de novo*, while the district court's factual findings are reviewed for clear error." Barger v. United States, 204 F.3d 1180, 1181 (8th Cir. 2000). Thus, as Mills points out in her objections, a court's factual findings regarding the credibility of witnesses

**ORDER AFFIRMING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING CASE**

are reviewed for clear error. Moreover, when asserting an ineffective assistance of counsel claim for failure to file an appeal, "[a] bare assertion by the petitioner that she made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." Id. at 1182. In this case, the Magistrate Judge found Dyer's testimony that Mills never asked him to file an appeal to be more credible than Mills's contrary assertion, made more than a year after her sentencing, that she requested an appeal to be filed. The Court agrees.

Here, the record clearly indicates that prior to this Court imposing sentence on Mills, she had lied under oath about her drug dealing activities in an effort to avoid any sentence enhancements for her leadership role in the charged offense. Moreover, during the February 22, 2005 evidentiary hearing, Mills admitted to Magistrate Judge Kaull that she lied under oath at her plea hearing when asked whether her guilty plea was knowing and voluntary. Dyer's testimony, by contrast, is subject to no such credibility issues. When asked by the Magistrate Judge whether Mills had requested that he file an appeal on her behalf, Dyer testified she had not. No evidence beyond Mills's bare assertion has been

introduced to the contrary. Thus, the Court **FINDS** the evidence preponderates against Mills's ineffective assistance of counsel claim for failure to file a requested appeal, **AFFIRMS** the Magistrate Judge's recommendation, and **DENIES** and **DISMISSES WITH PREJUDICE** ground one of Mills's 28 U.S.C. § 2255 petition.

## V. Conclusion

For the reasons above, Mills's 28 U.S.C. § 2255 petition, (Doc. No. 89), is **DENIED** and **DISMISSED WITH PREJUDICE** from the Court's docket.

The Clerk is directed to transmit copies of this Order to the petitioner, counsel of record, and all appropriate agencies.

DATED: March _____8_____, 2006.

                                        _____
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE